■ Dannielle Cavender, Appellant, v Wyeth Pharmaceuticals et al., Respondents. [849 NYS2d 796]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated August 18, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the defendant did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The report of Dr. Monsanto, the defendants' examining hand specialist, noted the surgeries to the plaintiff's left wrist and thumb as well as the "two well healed scars" on her wrist and thumb, which he diagnosed as "post excision of a mass of wrist and mass of thumb." His conclusory assertion that these injuries were not secondary to the accident was insufficient as a matter of law to establish that the plaintiff did not sustain a serious injury as a result of the subject accident. Since the defendants failed to satisfy their burden of establishing a prima facie case, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (see Jenkins v Miled Hacking Corp., 43 AD3d 393 [2007], and cases cited therein). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.